## Commonwealth v. Retcofsky

*William F. Morgan, Assistant District Attorney,* for Commonwealth.

*Bradley H. Foulk,* and *Knox, Graham, McLaughlin, Gornall, & Sennett, Inc.,* for defendant.

WOLFE, *P.J.,* December 19, 1977 — Defendant has appealed from his conviction before the district magistrate for violation of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1004, 75 P.S. §1004.

It is not disputed on February 7, 1977, at approx-

imately 3:30 p.m. defendant, traveling in an easterly direction on Third Avenue in the Borough of Warren, negotiated his motor vehicle from the eastbound lane through the westbound lane and brought it to stop in a parking space facing east. Defendant's action in this regard was caused by his desire to use the telephone located in a booth on the opposite side of the street on which he was traveling and there was no parking along the east lane of the two lane highway in the direction he was traveling.

The arresting officer observed the manner in which the vehicle was operated and stated defendant crossed into the west lane and traveled about 20 to 30 feet before stopping in the parking space and when defendant completed his call he negotiated again across the westbound lane and into the eastbound lane to continue his travel.

Defendant contends he should have been arrested for illegal parking because his conduct did not violate the mandate of his duty to drive on the right side of the highway. In this respect we agree.

Section 1004 provides, inter alia: "Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway, unless it is impractical to travel on such side of the highway. . . ."

In our view the purpose of this section is to allocate a lane of travel for vehicles traveling in opposite directions as a safety precaution to dispatch the flow of traffic. The section does not prevent a vehicle from crossing a traffic lane per se although the conduct of the operator in doing so may be illegal and a violation of another section of the code in doing so. A fair reading of the language leaves no other reasonable conclusion than a vehicle must be

operated upon the right half of the highway in the ordinary course of travel. Here, defendant admittedly traveled a distance of 20 to 30 feet before coming to a stop and we cannot interpret that distance to be equated with the language of the statute requiring the driver of a vehicle to drive the same upon the right half of the highway. If this were the case a vehicle could never cross a lane for any reason without violation of the section. The purpose of the defendant was clear, to wit, to use the telephone. We are aware this is a summary offense and no intent to violate the section is an element of proof for the Commonwealth; however, the distance in travel must be reasonably established in order to constitute a violation of the section in our opinion and particularly so since there was no oncoming traffic and no one was placed in any danger.

On the facts of this case we find the Commonwealth has failed to prove defendant guilty beyond a reasonable doubt and enter the following

## ORDER

And now, December 19, 1977, defendant is found not guilty, his bail is released and he is discharged from the court.